IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| OSCAR LEE CARTWRIGHT, JR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:15-cv-889-D-BN |
| | § | |
| DALLAS COUNTY SHERIFF | § | |
| OFFICE, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Sidney A. Fitzwater. The undersigned issues the following findings of fact, conclusions of law, and recommendation that the Court should summarily dismiss Plaintiff Oscar Lee Cartwright, Jr.'s complaint [Dkt. No. 3; *see also* Dkt. No. 10] with prejudice.

**Background**

This *pro se* action against the Dallas County Sheriff's Office and Sheriff Lupe Valdez,, filed by Plaintiff while he was incarcerated in the Dallas County Jail, concerns Plaintiff's claim that his constitutional rights were violated because he was held in custody without an arraignment from October 3, 2014 to January 28, 2015. *See* Dkt. Nos. 3 & 10.

According to Plaintiff, who is proceeding *in forma pauperis*, *see* Dkt. No. 8, he

turned himself in to the Dallas County Sheriff on October 3, 2014, after he learned that a complaint, charging him with misdemeanor indecent exposure, was filed against him, *see* Dkt. No. 10 at 3. He contends that, at the time that he surrendered, he was neither arraigned nor given an opportunity to request the appointment of counsel. *See id.* Instead, according to Plaintiff, it was not until January 28, 2015 that he was arraigned, given a bond and the opportunity to request the appointment of counsel, and "formally charged." *Id.* Through his verified responses to the Court's questionnaire, Plaintiff further states that he was on parole when he surrendered on October 3, 2014, which parole he states was not revoked; that he pleaded guilty to the misdemeanor-indecent-exposure charge against him, after it was reduced from a Class A misdemeanor to a Class C misdemeanor; and that, on January 28, 2015, he was sentenced to time served and released. *See* Dkt. No. 10 at 7, 9-12, 15.

Plaintiff seeks $45,000.00 in monetary relief. *See id.* at 5.

The undersigned now concludes that the Court should summarily dismiss Plaintiff's complaint with prejudice pursuant to Section 1915(e)(2)(B).

## Legal Standards

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

An action is frivolous if it lacks an arguable basis in either law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009) ("A claim may be dismissed as frivolous if it does not have an arguable basis in fact or law."). And a complaint is without an arguable basis in law if it is grounded upon an untenable, discredited, or indisputably meritless legal theory, including alleged violations of a legal interest that clearly does not exist. *See Neitzke*, 490 U.S. at 326-27; *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999).

The Court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007). To state a claim upon which relief may be granted, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not

contain detailed factual allegations, Plaintiff must allege more than labels and conclusions, and, while the Court must accept all of Plaintiff's allegations as true, it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.* But, to survive dismissal under *Twombly* and *Iqbal*, Plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that Plaintiff contends entitle him to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. ____, 135 S. Ct. 346, 347 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)).

Although a court generally cannot look beyond the pleadings in determining whether claims should be dismissed on initial screening, the pleadings here include Plaintiff's verified responses to the Court's questionnaire [Dkt. No. 10], which "become part of a plaintiff's pleadings." *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998) (citing *Eason v. Holt*, 73 F.3d 600, 602 (5th Cir. 1996)).

A district court must generally afford a *pro se* complainant an opportunity to amend before dismissing for failure to state a claim. *See Gregory v. McKennon*, 430 F. App'x 306, 308 (5th Cir. 2011) (per curiam) (citing *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)). One of "[t]he primary ways of affording opportunities to bring into focus the factual and legal bases of a [*pro se* plaintiff's] claims" – and the one predominately utilized by the undersigned – is "requesting a more definite statement from the [plaintiff] through a questionnaire." *Id.* (citing *Eason v. Thaler*, 14 F.3d 8, 9

-4-

(5th Cir. 1994)). Where the Court determines that a *pro se* plaintiff has been given an opportunity to state his best case by, for example, providing responses to a Court-issued questionnaire, the Court may dismiss his complaint – or claims and/or defendants therein – with prejudice. *See, e.g.*, *Mitchell v. Miller-Roach*, No. 3:10-cv-1762-K-BK, 2011 WL 2273509, at *4 (N.D. Tex. May 17, 2011), *rec. adopted*, 2011 WL 2292247 (N.D. Tex. June 8, 2011) (citing *Brewster*, 587 F.3d at 767-68; *Cobb v. Simmons*, 373 F. App'x 469, 470 (5th Cir. 2010) (per curiam); *Teel v. Collins*, 59 F.3d 1242, 1995 WL 413135, at *1 (5th Cir. June 21, 1995) (per curiam)); *see also Graves v. Hampton*, 1 F.3d 315, 319 (5th Cir. 1993) ("Dismissal with prejudice [is] appropriate if the plaintiff has been given an opportunity to expound on the factual allegations by way of a *Watson[ v. Ault*, 525 F.2d 886 (5th Cir. 1976)] questionnaire."), *abrogated on other grounds by Arvie v. Broussard*, 42 F.3d 249 (5th Cir. 1994).

## Analysis

The two defendants Plaintiff has named should be dismissed regardless of the merits of Plaintiff's constitutional claim.

Because Plaintiff named the Dallas County Sheriff's Department as a defendant, he was warned that this "non-jural entity ... cannot be sued for civil rights violations under 42 U.S.C. § 1983" and asked to "[l]ist each entity that [he] claim[s] violated [his] civil rights." Dkt. No. 10 at 7; *see Johnson v. Dallas Police Dep't*, No. 3:13-cv-4537-D, 2014 WL 309195, at *2 n.2 (N.D. Tex. Jan. 28, 2014) ("*Pro se* plaintiffs who name a non jural entity as a defendant should be alerted and given an opportunity to amend before dismissal of the action." (citing *Parker v. Fort Worth Police Dep't*, 980

F.2d 1023, 1026 (5th Cir. 1993)). Plaintiff responded by again naming the Dallas County Sheriff's Department. *See* Dkt. No. 10 at 7; *see also id.* at 8 (insisting that the "Dallas Co. Sheriff Dept is a gov't entity capable of being sued"). Notwithstanding Plaintiff's insistence otherwise, the Dallas County Sheriff's Department is not a jural entity subject to suit under Section 1983. *See, e.g.*, *Johnson v. Dallas Cnty. Sheriff Dep't*, Civil Action No. 3:08-cv-0423-G, 2008 WL 2378269, at *3 (N.D. Tex. June 6, 2008) ("The Dallas County Sheriff's Department is not a jural entity that can be sued." (citing *Magnett v. Dallas Cnty. Sheriff's Dep't*, No. 3:96-cv-3191, 1998 WL 51355, at *1 (N.D. Tex. Jan.20, 1998))); *accord Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991) (absent authorization by a Texas city, a plaintiff "no more can proceed against [its] police department alone than [he] could against the accounting department of a corporation"). As such, any claims against the Dallas County Sheriff's Department should be dismissed with prejudice.

Although Plaintiff named Dallas County Sheriff Lupe Valdez as a defendant in his complaint, he failed to re-name – or assert any claims specific to – Sheriff Valdez in his verified questionnaire responses. *Compare* Dkt. No. 3 at 1, 3-4, *with* Dkt. No. 10 at 4, 8. Even assuming that Sheriff Valdez is still a named defendant, as a supervisory official, she cannot be sued for civil rights violations unless she (1) affirmatively participated in acts that caused a constitutional deprivation or (2) implemented unconstitutional policies that resulted in injury to plaintiff. *See Mouille v. City of Live Oak, Tex.,* 977 F.2d 924, 929 (5th Cir. 1992). Plaintiff does not allege any personal involvement by Sheriff Valdez and has not identified an official policy or custom that

resulted in the denial of his constitutional rights. As such, any claims against Sheriff Valdez should be dismissed with prejudice.

Had Plaintiff properly named correct defendants, his claim should still be dismissed with prejudice. "The gravamen of Plaintiff's complaint is that he was not arraigned within 72 hours of the time" that he surrendered on the misdemeanor indecent exposure complaint. *Jenkins v. Henslee*, No. 3:01-cv-1996-R, 2002 WL 432948, at *2 (N.D. Tex. Mar. 15, 2002); *see* Dkt. No. 10 at 7. But

> [n]either the laws nor the Constitution of the United States recognize or require an arraignment within 72 hours of a person's arrest. In *County v. Riverside v. McLaughlin*, 500 U.S. 44 (1991), the Supreme Court held that a determination by a judicial officer of probable cause for an arrestee's continued confinement must ordinarily be made within 48 hours of the person's arrest. However, there is no correlative right to a speedy arraignment.

*Id.*; *see Amir-Sharif v. Comm'rs of Dallas, Tex.*, No. 3:07-cv-175-G, 2007 WL 1138806, at *1-*2 (N.D. Tex. Apr. 17, 2007) ("The gravamen of Plaintiff's complaint is the Defendants' delay in arraigning him in Cause No. F05-59639, although he was in their custody for over one year. Plaintiff explains that on October 11, 2005, he was arrested on various charges, including Cause No. F05-59639. Yet Defendants neither arraigned him nor brought him before a judge for the purpose of setting bail in Cause No. F05-59639 until December 5, 2006. Plaintiff's allegations, even when liberally construed, fail to raise a cognizable constitutional claim. Neither the laws nor the Constitution of the United States recognize or require an arraignment within a set amount of time of a person's arrest." (citing *McLaughlin*)); *see also Jones v. Lowndes Cnty., Miss.*, No. 1:09-cv-87-SA-JAD, 2010 WL 4643242, at *4 (N.D. Miss. Nov. 9, 2010)

("The Fourth Amendment's promptness requirement – as it was developed in *Gerstein[ v. Pugh*, 420 U.S. 103 (1975)] and *McLaughlin* – concerns the length of detention after a warrantless arrest before a determination of probable cause by a neutral magistrate. *Gerstein* and its progeny do not require that criminal defendants be arraigned or make an initial appearance within forty-eight hours of arrest. Rather, they require that those detained pursuant to a warrantless arrest receive a prompt determination of probable cause." (citations omitted)), *aff'd*, 678 F.3d 344 (5th Cir. 2012).

## Recommendation

The Court should summarily dismiss Plaintiff's complaint with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 9, 2015

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE